# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRCIT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WAUKEGAN POTAWATOMI CASINO, LLC an Illinois limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF WAUKEGAN, an Illinois municipal corporation, <br><br> Defendant. | Case No.: 1:20-cv-750 |

## NOTICE OF REMOVAL AND DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Defendant City of Waukegan ("Defendant") by and through the undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1441, 1443, 1367, and 1446, hereby file this Notice of Removal of this civil action from the Circuit Court of the Nineteenth Judicial District, Lake County, Illinois, Chancery Division, in which it is now pending, to the United States District Court for the Northern District of Illinois, Eastern Division.

In support of this Notice of Removal, Defendant respectfully state the following:

1. On October 21, 2019, Plaintiff Waukegan Potawatomi Casino, LLC ("Plaintiff") filed a complaint against Defendant in the Circuit Court of the Nineteenth Judicial District, Lake County, Illinois, Chancery Division, bearing Case No.: 19 CH 1190. (A true and correct copy of the Complaint is attached hereto as part of Composite Exhibit 1)

2. On November 4, 2019, Plaintiff served the Complaint on Defendant. (A true and correct copy of the Notice of Service of Process is attached hereto as part of Composite Exhibit 1)

3. In the Complaint, Plaintiff alleges that Defendant violated the Open Meetings Act during the process of evaluating its casino proposal. (Complaint at ¶¶ 1, 62-63)

4. On December 26, 2019, Plaintiff filed a motion to amend his complaint.

5. On January 3, 2020, Plaintiff filed its First Amended Complaint at Law. (A true and correct copy of the First Amended Complaint at Law is attached hereto as Composite Exhibit 1)

6. In its First Amended Complaint, Plaintiff alleges, *for the first time*, that Defendants violated the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution as well as violations of 230 ILCS 10/1 et seq., i.e. pursuant to 42 U.S.C. § 1983. (First Amended Complaint at ¶¶ 224-236.).

7. Plaintiff's First Amended Complaint also includes two additional causes of action for violation of duty to certify in good faith under the Illinois Gambling Act (230 ILCS 10/7.5(e-5)) and violations of the Open Meetings Act (5 ILCS 120/1). (First Amended Complaint at ¶¶ 237-255 and ¶¶ 256-262 respectively)

8. Pursuant to 28 U.S.C. § 1441(a), "any action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

9. Under 28 U.S.C. § 1331, this Court has original federal question jurisdiction over this action because Plaintiff's claim pursuant to the Fourteenth Amendment of the U.S. Constitutions arises under the laws of the United States. Therefore, this case is properly removable to this Court under 28 U.S.C. § 1441 and 1446.

10. Additionally, pursuant to 28 U.S.C. § 1443, any civil actions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending for any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the

ground that it would be inconsistent with such law. Therefore, this case is properly removable to this Court under 28 U.S.C. § 1443.

11. Plaintiff's remaining two counts alleging a violation of the duty to certify in good faith under the Illinois Gambling Act (230 ILCS 10/7.5(e-5)) and violations of the Open Meetings Act (5 ILCS 120/1) should be afforded supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

12. In accordance with 28 U.S.C. § 1367(a), "any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

13. Here, each of the remaining counts share the same nucleus of operative fact with the 42 U.S.C. § 1983 count, namely the process surrounding Plaintiff's casino proposal. As such, Counts II and III qualify for supplemental jurisdiction and are therefore removable.

14. In accordance with 28 U.S.C. § 1446(b)(3), this Notice of Removal is timely filed within thirty (30) days of Plaintiff's filing of its First Amended Complaint, wherein Defendant first ascertained that the case is one which has become removable.

15. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant in this action are attached hereto (Composite Exhibit 1.).

16. On January 31, 2020, Defendant filed with the Clerk of the Circuit Court of Lake County, Chancery Division, a Notice of Filing Notice of Removal.

17. Defendant has provided written notice to Plaintiff by contemporaneously serving its counsel with this Notice of Removal.

18. By filing this Notice of Removal, Defendant does not waive any defense that may be available.

WHEREFORE, for the reasons stated above, this action is removable to this Court pursuant to 28 U.S.C. §§ 1331, 1441, 1443, 1367, and 1446 under this Court's federal question jurisdiction.

                                                                     Respectfully submitted,

                                                                     CITY OF WAUKEGAN

                                                                     /s/ Rick Hammond
                                                                     One of the Attorneys for Defendant

Rick Hammond
Meghan A. Rigney
HEPLERBROOM LLC
30 North LaSalle Street – Suite 2900
Chicago, Illinois 60602
(312) 230-9100
(312) 230-9201 - Facsimile
rick.hammond@heplerbroom.com
meghan.rigney@heplerbroom.com
*Counsel for City of Waukegan*

**PROOF OF SERVICE**

      The undersigned, an attorney of record, states that he caused to have electronically filed with the Clerk of the Court, *City of Waukegan's Notice of Removal,* and caused the same to be served on all attorneys of record via CM/ECF on January 31, 2020.

Robert T. O'Donnell
Gerald P. Callaghan
O'Donnell Callaghan LLC
28045 N. Ashley Circle, Suite 101
Libertyville, IL 60048
847-367-2750
847-367-2758 (Fax)
rodonnell@och-law.com

                                              BY:   /s/ Rick Hammond
                                                       Rick Hammond

Rick Hammond
HEPLERBROOM LLC
30 North LaSalle Street – Suite 2900
Chicago, Illinois 60602